A verdict for $2,000, including $205 of actual expenditures, in an action for personal injuries, is not excessive, where the neck of the femur was fractured, the leg was permanently shortened a quarter of an inch, plaintiff was in the hospital seven weeks, then and afterward suffered much pain, and has never since the accident been able to walk naturally.

2. QUESTIONS CALLING FOR CONCLUSION.

A question whether a car slowed up before a regular stopping place "because there was a factory there" is objectionable, as calling for a conclusion.

3. COSTS—EXTRA ALLOWANCE.

The court may not award an extra allowance in a negligence case of a very common type.

Appeal from Trial Term, Westchester County.

Action by John Leonard against the Union Railway Company of New York City. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Bayard H. Ames, for appellant.
Frederick Hulse, for respondent.

WILLARD BARTLETT, J. This is a negligence case of a very common type, in which a passenger on a trolley car claims to have sustained a fracture of the hip by reason of the sudden starting of the car while he was in the act of alighting therefrom after the conductor had caused the car to stop in order that the passenger might get off. The verdict was $2,000. There was ample testimony in behalf of the defendant, especially as to admissions made by the plaintiff immediately after the accident, which, if believed by the jury, would have required them to find the other way; but the alleged admissions were denied by the plaintiff, and were not heard by several of the defendant's witnesses who were present when they are said to have been made. The jury manifestly disbelieved the testimony as to these admissions, or else thought they were made under such conditions of suffering and excitement on the part of the plaintiff as not to be the best evidence of the actual circumstances under which the accident occurred. On the whole, I do not think that their verdict can fairly be condemned as being against the evidence or weight of evidence.

There is nothing in the point that the award of damages is excessive. The neck of the femur was fractured. The leg is permanently shortened a quarter of an inch. The plaintiff has never walked naturally since the injury. He was in the hospital seven weeks, six of which were spent in bed; and he suffered much pain then, and has suffered much since. It can hardly be held that $2,000, which includes $205 of actual expenditures, is extravagant compensation for such an injury.

¶ 1. See Damages, vol. 15, Cent. Dig. §§ 372, 373, 377, 378.

The only exception relating to evidence is to the exclusion of a question as to whether the car slowed up before a regular stopping place "because there was a factory there at the corner." The inquiry called for a conclusion, and the fact was wholly immaterial. Therefore the objection was properly sustained.

I find nothing to criticise in the result reached below, except the award of $100 as an extra allowance. This cannot be upheld, under the decision of the Court of Appeals in the case of Standard Trust Co. v. N. Y. C. & H. R. R. Co., 178 N. Y. 407, 70 N. E. 925.

The judgment should be modified by striking out this amount, and, as thus modified, the judgment, as well as the order denying the defendant's motion for a new trial, should be affirmed, without costs. All concur.